UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:20-cv-2004

RICK MARTIN,

    Plaintiff,

v.

BATLINER DENTAL HEALTH, PLLC,
JOHN DOE 1 (a/k/a BATLINER DENTAL HEALTH GROUP HEALTH PLAN),
MY LOCAL COLORADO DENTAL PRACTICE, LLC, and
JOHN DOE 2 (a/k/a MY LOCAL COLORADO DENTAL PRACTICE GROUP HEALTH PLAN a/k/a PEAK DENTAL SERVICES GROUP HEALTH PLAN)

    Defendants.

**COMPLAINT**

Plaintiff Rick Martin ("Plaintiff" or "Dr. Martin"), by and through his undersigned counsel LOWREY PARADY LEBSACK, LLC, submits this Complaint against Defendants Batliner Dental Health, PLLC, ("Batliner"), John Doe 1 (a/k/a Batliner Dental Health Group Health Plan) ("Batliner Plan"), My Local Colorado Dental Practice, LLC ("My Local"), and John Doe 2 (a/k/a My Local Colorado Dental Practice Group Health Plan a/k/a Peak Dental Services Group Health Plan) ("My Local Plan") as follows:

**INTRODUCTION**

1.    Defendant Batliner employed Dr. Martin as a dentist from about July 30, 2018, to May 28, 2019.

1

2. Defendant Batliner sold his dental practice to Defendant My Local on about May 28, 2019. As part of the sale, Defendant Batliner terminated the employment of Dr. Martin. Defendant My Local did not reemploy Dr. Martin.

3. Defendant Batliner offered employee welfare benefits to its employees, including health insurance, which was subject to the Employee Retirement Income Security Act ("ERISA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). On information and belief, Defendant John Doe 1 a/k/a Batliner Plan administered the health insurance plan. Dr. Martin was a participant of the health insurance plan.

4. Defendant My Local offered group health coverage to its employees. On information and belief, Defendant John Doe 2 a/k/a My Local Plan administered the health insurance plan.

5. Following his termination, neither Defendant Batliner nor Defendant My Local informed Dr. Martin of his right to continue coverage under the health insurance plan provided by Batliner or a subsequent plan provided by My Local. In failing to inform Dr. Martin of his right to continue coverage, Defendants violated Dr. Martin's rights under ERISA and COBRA.

6. Additionally, Defendant Batliner entered into an employment agreement with Dr. Martin, which required 45 days' notice before terminating the agreement without cause. Defendant Batliner failed to provide this notice when it terminated Dr. Martin's employment. Accordingly, Defendant Batliner breached its

contract with Dr. Martin and owes Dr. Martin 45 days of wages under the Colorado Wage Claim Act.

## JURISDICTION AND VENUE

7. The Court has federal jurisdiction over this suit under 28 U.S.C. § 1331 because the suit asserts claims under COBRA, 11 U.S.C. § 1161 *et seq.* and ERISA, 29 U.S.C. § 1132. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims for breach of contract and failure to pay wages because his state law claims are so related to his COBRA claim that they form part of the same case or controversy.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as all of the events giving rise to the claims asserted herein occurred in the District of Colorado of the United States of America.

## PARTIES

9. Plaintiff Rick Martin is a resident of the State of Colorado at all material times, including during the events described in this Complaint.

10. Defendant Batliner Dental Health, PLLC is a Colorado limited liability corporation with its principal office located at 8891 S. Forrest Drive, Highlands Ranch, Colorado 80126.

11. On information and belief, Defendant John Doe 1 (a/k/a Batliner Dental Health Group Health Plan) is the plan administrator for the group health plan offered by Defendant Batliner. On information and belief, John Doe 1 is a Colorado entity with its principal office located at 8891 S. Forrest Drive, Highlands Ranch, Colorado 80126.

12. Defendant My Local Colorado Dental Practice, LLC is a Colorado limited liability corporation with its principal office located at 6020 North Carefree Circle, Colorado Springs, Colorado 80922.

13. On information and belief, John Doe 2 (a/k/a My Local Colorado Dental Practice Group Health Plan a/k/a Peak Dental Services Group Health Plan) is the plan administrator for the group health plan offered by My Local. On information and belief, John Doe 2 is a Colorado entity with its principal office located at 6020 North Carefree Circle, Colorado Springs, Colorado 80922.

14. Defendant Batliner operated dental offices in Boulder, Lafayette, Westminster, and Arvada. On information and belief, Defendant My Local operates dental offices in those same locations.

## GENERAL ALLEGATIONS

15. Defendant Batliner offered Dr. Martin a position as a dentist in about July 2018. Dr. Martin accepted the position and executed an "Employment Agreement" with Defendant Batliner.

16. Defendant Batliner offered employee benefits, including a group health plan subject to ERISA. Dr. Martin was a participant of the group health plan.

17. One term of the Employment Agreement required either party to provide 45 days' notice to terminate the agreement without cause.

18. In spring 2019, Defendant Batliner and Defendant My Local negotiated the sale of Defendant Batliner's dental practice to Defendant My Local. Defendant

4

Batliner sold his practice to Defendant My Local on May 28, 2019. On information and belief, the sale was made via an Asset Purchase Agreement.

19. On information and belief, Defendant My Local is a successor employer as that term is defined in 26 CFR § 54.4980B-9. On information and belief, Defendant My Local employed substantially the same employees as Defendant Batliner employed. On information and belief, Defendant My Local serviced substantially the same patients as Defendant Batliner. On information and belief, Defendant My Local used substantially the same real property and personal property as Defendant Batliner. On information and belief, Defendant My Local took over the same rights and obligations related to accounts receivable and accounts billable as Defendant Batliner had before the sale.

20. On information and belief, the Asset Purchase Agreement allocated to Defendants Batliner and Batliner Plan the responsibility to provide COBRA coverage to Dr. Martin and other terminated employees.

21. Defendant Batliner terminated without cause the employment of Dr. Martin on May 28, 2019. Defendant Batliner did not provide 45 days' notice as required by the parties' contract.

22. On May 29, 2019, Defendant My Local emailed Dr. Martin an employment agreement to review. The agreement included terms worse to Dr. Martin than his agreement with Defendant Batliner. Dr. Martin inquired about modifying the terms, but a representative from Defendant My Local informed him that Defendant My Local was unwilling to make the requested changes.

23. Defendant My Local did not employ Dr. Martin.

24. No defendant provided information to Dr. Martin about his right to elect to continue medical coverage at the group rate as required by COBRA. No defendant offered Dr. Martin the right to participate in a group health plan after his termination.

## FIRST CLAIM FOR RELIEF

(Violation of COBRA and ERISA against all Defendants under ERISA § 502(a)(3))

25. Plaintiff incorporates all allegations into this claim.

26. Defendants terminated Dr. Martin's employment, which caused the termination of his health and medical coverage under Defendant Batliner's group health plan.

27. Defendants did not inform Dr. Martin of his COBRA right to elect to continue coverage under a group health plan.

28. Defendants did not offer to Dr. Martin any option to continue health and medical care coverage.

29. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Dr. Martin may bring a civil action to obtain other appropriate equitable relief to redress Defendants' violations of ERISA and COBRA or to enforce any provision of ERISA or the terms of the Plan.

30. As a result of Defendants' failure to inform Dr. Martin of his COBRA rights and failure to provide a COBRA election option, Dr. Martin suffered damages and is entitled to recover from Defendants the amount of all medical expenses incurred while he was without medical insurance as equitable relief.

## SECOND CLAIM FOR RELIF
(Violation of COBRA and ERISA against all Defendants under ERISA § 502(c))

31. Plaintiff incorporates all allegations into this claim.

32. Under ERISA § 502(c), 29 U.S.C. § 1132(c), Dr. Martin may bring a civil action to obtain civil penalties for violations.

33. As a result of Defendants' failure to inform Dr. Martin of his COBRA rights and failure to provide a COBRA election option, Dr. Martin suffered damages and is entitled to recover from Defendants at least the amount of all medical expenses incurred while he was without medical insurance as civil penalties.

## THIRD CLAIM FOR RELIEF
(Unpaid Wages in Violation of Colorado Wage Claim Act, C.R.S. § 8-4-101 *et seq.* against Defendant Batliner)

34. Plaintiff incorporates all allegations into this claim.

35. Defendant Batliner was Dr. Martin's "employer" as defined by C.R.S. § 8-4-101(6).

36. Defendant Batliner owes Dr. Martin 45 days of unpaid wages that were earned, vested, and determinable.

37. The money owed to Dr. Martin constitutes "wages" as defined by C.R.S. § 8-4-101(14).

38. Dr. Martin made a written demand to Defendant Batliner for the payment of his wages.

39. Defendant Batliner failed to pay Dr. Martin his unpaid wages within fourteen days of the date of Dr. Martin's written demand.

40. Defendant Batliner's failure to pay Dr. Martin his wages caused Dr. Martin to suffer economic damages.

41. Defendant Batliner's failure to pay Dr. Martin his wages is willful under C.R.S. § 8-4-109(3)(c).

42. Defendant Batliner's failure to pay Dr. Martin his earned wages within fourteen days of the date of his demand for payment entitles Dr. Martin to the unpaid wages and penalties set forth in C.R.S. § 8-4-109 and costs of litigation and reasonable and necessary attorneys' fees pursuant to C.R.S. § 8-4-110(1).

### FOURTH CLAIM FOR RELIEF
(Breach of Contract against Defendant Batliner)

43. Plaintiff incorporates all allegations into this claim.

44. Defendant Batliner and Dr. Martin entered into an express contract, which required 45 days' notice to terminate the agreement without cause.

45. Dr. Martin performed or substantially performed all of his obligations under the contract.

46. Defendant Batliner breached its contract with Dr. Martin by failing to give 45 days' notice before terminating the agreement and failing to pay Dr. Martin 45 days of wages in lieu of providing 45 days' notice.

47. The parties reasonably anticipated that Dr. Martin would be compensated according to the terms of the contract.

48. Because of Defendant Batliner's breach of the contract, Dr. Martin suffered damages.

## **PRAYER FOR RELIEF**

Because Defendants have violated his rights and caused him damages, Plaintiff respectfully requests:

1. That this Court assume jurisdiction;

2. That this Court enter judgment in Plaintiff's favor and against Defendants for actual and consequential damages, penalties under 29 U.S.C. § 1132(c), equitable relief under 29 U.S.C. § 1132(a)(3), and penalties under C.R.S. § 8-4-109, his reasonable attorney's fees and costs, and prejudgment and post-judgment interest at the highest allowable rate;

3. That this Court grant other relief as this Court finds legal, just, and equitable.

Respectfully submitted this 9th day of July, 2020 by:

LOWREY PARADY LEBSACK, LLC

/s/ J. Bennett Lebsack
J. Bennett Lebsack
1490 N. Lafayette St., Ste. 304
Denver, CO  80218
Tel: (303) 593-2595
Fax: (303) 502-9119
Email:  ben@lowrey-parady.com

Attorney for Plaintiff


Plaintiff's Address:  Rick Martin
                      22545 Cook Ln.
                      Morrison, CO 80456